IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-3088 |
| | * | |
| ANDERSON CONSTRUCTION, LLC, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff brought this interpleader action against Defendants to determine ownership of certain funds in a Wachovia Bank, N.A. account. The funds were deposited with the Court and Wachovia Bank, N.A. was dismissed from the suit on March 19, 2009. Currently pending before the Court are numerous motions, including cross motions for summary judgment by Anderson Construction, LLC and John H. Forehand and Craig S. Corbin. The Court has reviewed the parties' filings with respect to the instant motion. The Court also held a telephonic status conference in this case on December 22, 2009, and discussed these motions with the parties. For the reasons stated during this conference, and more fully below, the Court will grant Defendant Anderson Construction, LLC's Motion for Summary Judgment (Doc. No. 77); deny Corbin and Forehand's Cross Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Doc. No. 80); deny Corbin and Forehand's Motion to Strike Statements Made in Compromise Negotiations (Doc. No. 81); deny Corbin and Forehand's Motion for Leave to File Supplemental Pleadings (Doc. No. 82); grant Anderson Construction, LLC's Motion to Strike Corbin and Forehand's Surreply Memorandum (Doc. No. 89); and deny Corbin and Forehand's Motion for

Leave to File Surreply (Doc. No. 90).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case pertains to a bank account at Wachovia Bank, N.A. ("Wachovia") that holds $86,420.36 (the "Wachovia account"). Anderson Construction, LLC ('LLC") is a federal government contractor. According to LLC's Articles of Organization attached to Wachovia's complaint, Defendant Anderson is the only member of the LLC, but Forehand and Corbin claim that they are also members. The LLC is organized pursuant to South Dakota law. S.D.C.L. Ch. 47.

In late November 2007, Forehand and Corbin opened the Wachovia account on behalf of LLC. At a later date, Anderson contacted Wachovia and informed the bank that he was the only actual member of LLC. From that point forward, Wachovia apparently stopped providing information about the Wachovia account to Forehand and Corbin and began providing Anderson access to the funds in the account. Proceeds from LLC's government contracts flowed through the Wachovia account. At some point, Anderson, Forehand, Corbin, and LLC began disputing who had the right to obtain the funds in the account.

On November 17, 2008, Wachovia filed this Complaint for interpleader to resolve ownership of the funds in the account. In a March 18, 2009, Order disposing of twenty motions, the Court allowed Wachovia to deposit the funds with the Court and released Wachovia from the case. The Court also denied Corbin and Forehand's Motions to Amend to add counterclaims and crossclaims. Now pending before the Court are numerous motions, including cross motions for summary judgment, and Corbin and Forehand's motion for leave to file supplemental pleadings.

**II.     STANDARD OF REVIEW**

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). When parties file cross motions for summary judgment, the Court must view each motion in a light most favorable to the non-movant. *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003).  To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998).  Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

**III.   ANALYSIS**

    **A.   Cross Motions for Summary Judgment and Motion for Leave to Supplement Pleadings**

An interpleader action under 28 U.S.C.S. § 1335, gives this Court original jurisdiction over "adverse claimants, of diverse citizenship [who] are claiming or may claim to be entitled to such money or property . . ." 28 U.S.C.S. § 1335. Once a court resolves the essential question to the interpleader action of who is entitled to the deposited funds, the Court may or may not exercise jurisdiction over other claims. *See, e.g.*, *Truck-a-Tune, Inc. v. Re*, 23 F.3d 60, 62-63 (2d Cir. 1994) ("The claimants' subsequent agreement eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement. . . . [T]he District Court acted well within its discretion in determining that the equities did not warrant further federal court adjudication.").

In this case there is no genuine issue of material fact as to who owns the interpleader funds. Both LLC and the individuals Forehand and Corbin have stated under oath that the money in the funds belongs to the LLC. LLC has presented adequate evidence that there is no dispute as to whether anyone has a personal interest in the funds, apart from their ownership interest in the LLC. LLC has pointed to statements in Corbin's deposition (Doc. No. 78, Ex. 1) and Corbin's Answer to Interrogatories 8 and 9 (Doc. No. 78, Ex. 3), and statements in Forehand's deposition (Doc. No. 78, Ex. 2) and Forehand's Answer to Interrogatories 8 and 9 (Doc. No. 78, Ex. 4), in which both individuals identify the funds as revenue from LLC's contracts. Corbin and Forehand both state, "the Interpleader Funds are pertaining to Anderson Construction, LLC, but for the benefit and subject to my partnership interest as I have described above," and "[a]s far as Corbin, [sic] Forehand know,

these funds come from contracts held by Anderson Construction LLC. However, as general partners of Anderson Construction LLC, I am entitled to 25% of all revenues coming into any Anderson Construction LLC account." Corbin's Answer to Interrogatories 9 and 10 (Doc. No. 78, Ex. 3); Forehand's Answer to Interrogatories 9 and 10 (Doc. No. 78, Ex. 4). Because both individuals admit that LLC is entitled to the funds, and assert a personal interest in the funds only insofar as they have an interest in the LLC, the Court determines that the LLC is the proper owner of the funds.

Corbin and Forehand's Response and Cross Motion for Summary Judgment (Doc. No. 80) does not directly dispute the basis for LLC's Motion for Summary Judgment, which is that all parties agree that LLC is the correct owner of the funds. Instead, Corbin and Forehand's Cross Motion for Summary Judgment is based on various theories of why they are entitled to the funds as members of the LLC. But, partnership is not at issue in this case, unless the Court allows supplementation of pleadings.

Corbin and Forehand do move to supplement their pleadings on the ground that they discovered new information after they filed their original pleadings, mostly pertaining to Lyle Anderson's claiming sole membership of the LLC. (Doc. No. 82.) Corbin and Forehand seek to add cross claims for equal share of partnership net profit, quantum meruit, unjust enrichment, and general partner quantum meruit. LLC argues that amendment of the pleadings months after the close of discovery is inappropriate, and that these new legal theories under which Corbin and Forehand seek $2,292,000.00 would need to be explored with new lengthy and expensive discovery.

The Court will not grant Corbin and Forehand's request to supplement the pleadings for several reasons. As a preliminary matter, the Court notes that the parties agree that the Court's adjudicating claims beyond the ownership of the interpleader funds is discretionary. Additionally,

5

Federal Rule of Civil Procedure 15, on which the parties rely, is designed to allow supplementation of pleadings based on events that occurred after the initial pleading, not based on discovery of new information. Rule 15 is not intended for bringing new cross claims based on newly discovered information, but rather, allows "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15. Corbin and Forehand's request is based on newly discovered information, not on new events. Next, the Court notes that Corbin and Forehand bring this motion months after the close of discovery, which occurred on July 16, 2009, which weighs against allowing claims which would require additional discovery. (Doc No. 70.) Additionally, at the telephonic status conference and in the interrogatories, the parties indicated that there is a case currently pending before the Cheyenne River Sioux Tribal Court between Anderson LLC and Corbin and Forehand. Forehand's Answer to Interrogatory 11 (Doc. No. 78, Ex. 4) (citing *Anderson Construction LLC vs. Forehand, Corbin, and Tillman* (Cause # 08C119)). This related lawsuit is now pending in South Dakota, the place of incorporation of Anderson Construction, LLC. The parties may litigate any disputes regarding LLC membership and any related state claims and cross claims, in that forum. As such, the Court will grant LLC's motion for summary judgment, and deny Corbin and Forehand's cross motion for summary judgment and motion for leave to supplement the pleadings.

      **B.**    **Motion to Strike**

Corbin and Forehand move the Court to strike portions of the LLC's Memorandum in Support of LLC's Motion for Summary Judgment -- paragraphs 10 and 11 of the statement of undisputed facts, and Dan Fiore's affidavit and email attachments (Exhibits 11, 12, 13 and 15 attached to the Memorandum), on the ground that these statements were made during the course of

settlement and thus are barred from introduction as evidence by Federal Rule of Evidence 408. LLC argues that the documents Corbin and Forehand move to exclude were not made during the course of settlement, but rather, in an attempt by Wachovia Bank, N.A.'s counsel, Daniel Fiore, to have Craig Corbin and John Forehand, through their counsel, either agree to sign the requisite documentation withdrawing their signatures from the bank account or let him know that the funds would need to be placed into the registry of the Court via an interpleader action. LLC contends that these exhibits do not affect the undisputed material facts of the case and that even if the Court were to view the documents as plaintiff requests, only the second paragraph at page 7, of the memorandum, would be appropriately struck. The Court has reviewed these documents and finds that they are not within the scope of settlement negotiations Federal Rule of Evidence 408 was designed to protect. The Court sees no grounds for the Motion to Strike these Exhibits, and thus denies this Motion.

### C.     Corbin and Forehand's Motion for Leave to File Surreply

Forehand and Corbin filed a surreply to LLC's Motion for Summary Judgment without leave from the Court (Doc. No 88).  Corbin and Forehand claim their submission of a surreply is justified because LLC provided new reasons for the Court to grant summary judgment in its reply. None of Forehand and Corbin's arguments are persuasive, however. First, Corbin and Forehand note that Anderson never "filed anything regarding summary judgment" individually. (Doc. No. 90.) But, LLC convincingly argues that Anderson has answered the complaint and simply has no interest in the summary judgment motions as they did not concern him, and thus he should not be dismissed from the case. Next, Corbin and Forehand claim that LLC's reply is based on a new theory under South Dakota law, rather than the "original theory" that the LLC hired consultants on federal contracts. This analysis is a mischaracterization of LLC's summary judgment motion which namely

argues that it is uncontested that the LLC is the owner of the interpleader funds, and that Corbin and Forehand's status as members of the LLC is not an issue in this litigation. Corbin and Forehand do not meet their burden to show a basis for the Court to grant a surreply, and thus the Court will not grant them leave to file a surreply.

### D. Anderson Construction, LLC Motion to Strike Corbin and Forehand's Surreply Memorandum and Request for Entry of Default as to Lyle Anderson

LLC seeks to strike Corbin and Forehand's surreply as they had not asked for leave to file it before they did so. (Doc. No. 89). Additionally, LLC notes that Lyle Anderson has responded to the Complaint and signed an affidavit saying he has no personal interest in the interpleader funds. LLC argues there is no reason to hold him in default and he was justified in not filing or responding to summary judgment motions as they did not concern him. As the Court has denied Corbin and Forehand's retroactive request for permission to submit a surreply, the Court will grant LLC's Motion to Strike the surreply submitted.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant LLC's motion for summary judgment and dispose of the other pending motions as described above. A separate Order will follow.

<u>   December 30, 2009   </u>           <u>/s/</u>  
        Date                                                       Alexander Williams, Jr.  
                                                                  United States District Judge